Cuma, per Dunkin, Ch.
Since the case of the Fishmonger’s Company v. East India Company, decided by Lord Hardwicke, and reported 1 Dick. 164, 165, it seems to have been well understood, that the foundation of this court’s jurisdiction, in cases'of this character, is the probability of irreparable mischief, that sort of material injury by one to the comfort of another, which requires the application of a power to prevent, as well as to remedy the evil. — ■ In the Attorney General v. Nichol, 16 Ves. 342, Lord Eldon says, cases may exist, upon which this court could not interfere, yet an action upon the case might be very well maintained: assuming the defendant had no right to erect the obstruction, that from circumstances of enjoyment, usage or interest, some contract could be implied, that he should not build upon that portion of his premises, and that an action upon the case could be maintained upon that *83 ground, the Lord Chancellor proceeds to show, that these circumstances would not necessarily/ induce this court to interpose by injunction: there is, says he, little doubt that the court will not interpose upon every degree of darkening ancient lights or windows, and that there are-many obvious cases, of new buildings darkening those opposite to them; but not in such a degree, that an injunction could be maintained. After examining the circumstances, he dissolved the injunction which had been granted.— This case was followed by the Master of the Rolls, in Winstanley v. Lee, 2 Swans, 336, and by the Vice-Chancellor, in Sutton v. Lord Montfort, 4 Sim. 559, (6 En. Cond. Ch. R. 257,) — and the ground for the intervention of the court, distinctly recognized as “that sort of material injury to the comfort of the existence of those who dwell in the neighboring house, which requires the power to prevent, as well as remedy the evil.” In Van Bergen v. Van Bergen, 3 John C. R. 287, Chancellor Kent says, “Lord Eldon put the jurisdiction of the court upon the ground of material injury, and that of special and troublesome mischief, which required a preventive remedy, as well as a compensation in damages. I have had occasion frequently, since I have been sitting in this court, to allude to this very doctrine, and to consider it as sound.”
Apply the principle of these decisions to the case under consideration. The complainants allege, “that there is a window on the west side of their house, which has been used as an ancient light for more than thirty years, and that there is attached to the said window, on the outside thereof, a hanging shutter, which has been used for closing the same,” and that the erection of the defendant’s building, according to his proposed plan, will obstruct the light, and the opening and closing of the said shutter, and will prevent the use and enjoyment thereof The facts seem to be well understood on the argument in this court, although they were not so distinctly brought to the notice of the circuit chancellor, that the window opened on a stair case, and that a large iron shutter, about a foot wider than the window, was fastened to it; the shutter was only occasionally opened, although the complainants had opened it whenever they thought proper. It can with difficulty be con *84 ceived, that to obstruct a window on a stair case, having an iron shutter, which is not generally opened, is such a material injury to the comfort of the existence of those who occupy the house, as to demand the intervention of this court. It is incumbent on the complainant, clearly to make out a substantial grievance. It may be, that an action on the case would lie, and that the defendant must proceed at the peril of the damages which a jury might award. This is a matter for the consideration of the parties. A case has not been made for the extraordinary aid of the court of chancery.
Petigru & Lesesne, for defendant.
The decree is reversed, and the bill dismissed.
Johnson, Harper and Johnston, Chancellors, concurred.